# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-23-00209-CV

---

**Alex E. Jones and Free Speech Systems, LLC, Appellants**

**v.**

**Neil Heslin and Scarlett Lewis, Appellees**

---

### NO. 03-25-00617-CV
### NO. 03-25-00906-CV

---

**Free Speech Systems, LLC, Appellant**

**v.**

**Neil Heslin, Scarlett Lewis, David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto-Marino, William Aldenberg, William Sherlach, Robert Parker, and Erica Ash, Appellees**

---

### FROM THE 261ST & 459TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-001835, THE HONORABLE MAYA GUERRA GAMBLE, JUDGE PRESIDING

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

The memorandum opinions and orders dated April 29 and May 21, 2026, addressing the above-listed appeals arising from the same trial-court cause are supplemented and amended as follows:

This Court abated the appeal in Cause No. 03-23-00209-CV (Merits Appeal) and remanded that cause to the trial court to take evidence and make findings regarding the supersedeas bond contest. *See* Tex. R. App. P. 24.4(d). The trial court signed its Nunc Pro Tunc Order Regarding Supersedeas Bond Content (2026 Bond Order) on June 10, 2026, setting the supersedeas bond amount at $4,339,273.80. Appellants have informed this Court by letter that they intend to challenge the 2026 Bond Order within the Merits Appeal.

The Merits Appeal shall remain abated pending filing of that challenge through July 24, 2026. If no motion challenging the 2026 Bond Order has been filed and no other action has been taken by this Court extending the abatement on or before that date, the Merits Appeal will be automatically reinstated. If a motion challenging the Bond Order is filed on or before that date, the Merits Appeal will remain abated until further order of this Court.

This Court's August 28, 2025 Order staying the turnover order in Cause No. 03-25-00617-CV and the April 29 and May 21, 2026 orders staying the turnover order in Cause No. 03-25-00906-CV remain in effect. *See* Tex. R. App. P. 24.4(c) ("The appellate court may issue any temporary orders necessary to preserve the parties' rights.").

The May 21, 2026 Order prohibiting the Appellants in these cases from dissipating or transferring assets to avoid satisfaction of the judgment also remains in effect. This requirement can be enforced by the trial court, though the trial court cannot make any order that interferes with the appellants' use, transfer, conveyance, or dissipation of assets in the normal course of business. *See id.*; *cf* R. 24.2(d).

It is ORDERED June 26, 2026.

Before Chief Justice Byrne, Justices Kelly and Ellis

No. 03-23-00209-CV – Abated

No. 03-25-00617-CV – Ordered

No. 03-25-00906-CV – Ordered

Filed:   June 26, 2026